**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **JESUS GAMBORA,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **11-40169-TSH** |
| | ) | |
| **JAMES SABA,** | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO STAY
September 25, 2012**

**HILLMAN, D.J.**

      Petitioner  was convicted in Massachusetts Superior Court on March 27, 2006 of first-degree murder (felony-murder and deliberate premeditation), unlawful possession of a firearm, possession of ammunition without a firearm identification card and multiple counts of armed robbery.  He was sentenced to life imprisonment on the murder charge and lesser periods of incarceration on the other charges (to be served on and after).  The Supreme Judicial Court of Massachusetts ("SJC") affirmed his conviction on September 2, 2010.  On September 9, 2011, he filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 ("Petition").  The Petition asserts the following five grounds for relief:

> **Ground One**: The trial court erred by admitting expert testimony of latent fingerprint individualization to Gambora.
>
> **Ground Two**: The trial court erred by introducing shoe print evidence and the shoe found at Gambora's mother's apartment, without linking either the print or the shoe to him.

**Ground Three**: The trial court abused its discretion and implicated Gambora's Fourteenth Amendment rights in excusing a seated juror for cause.

**Ground Four**: There was insufficient evidence to support the charge of deliberate premeditated murder and, therefore, the trial court should have entered a required finding of not guilty.

**Ground Five**: Gambora's Sixth Amendment rights were violated because the Indictment failed to provide notice that the Commonwealth was proceeding on a felony murder theory.

Gambora has exhausted state-court remedies with respect to all of the grounds for relief asserted in his Petition. On July 2, 2012, Gambora filed a motion to stay and hold the case in abeyance while he exhausts his state-court remedies with respect to a new claim that was not addressed in his direct appeal to the SJC and was not included in his Petition. *See Pet's Mot. For Stay And Abeyance So As To Permit Pet. To Raise Sixth Amendment Public Trial Claim, Or In the Alternative, Mot. For Court To Accept August 12, 2011 "Mem Of Law In Support Of Petitioner For Writ Of Habeas Corpus" As Responsive Pleading To "Respondent's Memorandum of Law In Opposition To Gambora's Petition For Writ Of Habeas Corpus* (Docket No. 21). For the following reasons, the motion to stay the proceedings will be denied.

## Background

The facts surrounding the crime that led to petitioner's conviction are set out in the decision of the Supreme Judicial Court, *Commonwealth v. Gambora*, 457 Mass. 715 (2010). A summary of the substantive facts and the facts relevant to the instant motion are set forth below.

On April 18, 2003, two men robbed a hotel in West Springfield, Massachusetts owned by Ray and Jaya Desai. At least one of the robbers was armed and Jaya Desai was shot during the robbery; she died of her wounds. The two men escaped in a vehicle. Gambora was later arrested and tried for the robbery of the hotel and Jaya's murder.

A seated but unsworn juror was dismissed during jury empanelment.  The dismissed juror had been seen outside the courtroom talking to a woman who was not a juror and was thereafter seen joining Gambora's friends and family. The trial judge questioned the juror and found that she had not been forthcoming.  The trial judge further found that the incident raised a troubling connection between the juror and Gambora's family and therefore, he dismissed her over Gambora's objection.  Gambora asserted that the juror was Hispanic and that her dismissal violated his Fourteenth Amendment right to a representative jury.

Following the trial, Petitioner appealed his conviction to the Supreme Judicial Court ("SJC").[1]  He asserted the following claims of error: (1) the admission of fingerprint evidence linking him to the crime scene (on the grounds that it was unreliable); (2) the admission of shoe print evidence; (3) the trial judge having excused the juror for cause; (4) the finding that there was sufficient evidence of deliberate premeditation; and (5) the indictment did not provide notice of felony-murder. The SJC held that none of the claims warranted a new trial or a reduction in the degree of guilt.

Gambora timely filed his Petition on September 9, 2011.  On July 2, 2012, he filed his motion requesting that the Court stay this action to permit him to return to state court and raise an entirely new claim.  For the reasons set forth below, the request for a stay is denied.

---

[1] Massachusetts Rule of Appellate Procedure 11 allows for the Supreme Judicial Court to take direct appeals in certain circumstances.  Mass. Gen. Laws ch. 278, § 33E requires that the SJC take direct review of convictions for first-degree murder.

## Discussion

### *Whether Gambora Should Be Allowed To Amend His Petition To Assert The New Claim*

Gambora seeks to return to state court to exhaust a newly realized claim which is not included in his Petition.  Specifically, he seeks to return to state court to assert a claim that his Sixth Amendment right to a public trial was violated when members of the public were excluded from jury selection. However, in order to raise his Sixth Amendment claim in this Court, Gambora must first amend his Petition to include such a claim.  Because Gambora is proceeding *pro se* [2], the Court will treat his motion as a motion to amend his Petition, as well as a motion to stay.  *See Laurore v. Spencer*, 396 F.Supp.2d 59 (D.Mass. 2005).

For purposes of determining whether to permit amendment of a federal habeas petition, the Court looks to Fed.R.Civ.P. 15(a). *Id.*, at 63.  The relevant provision of Rule 15(a) provides that a pleading may be amended with leave of court, which should be freely given "when justice so requires." Fed.R.Civ. P. 15(a)(3).  The Court must also take into account the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d)(1), as "any claim brought after the limitations period has run must relate back to the original petition to be considered." *Laurore*, 39 F.Supp.2d at 62 (citing *Mayle v. Felix*, 545 U.S. 644, 649-50, 125 S.Ct. 2562, 2566 (2005)) .  There is no question that the new

---

[2] Filings by *pro se* prisoners should be liberally construed and are generally held to less stringent standards than formal pleadings by a lawyer.  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); *Voravongsa v. Wall*, 349 F.3d 1, 8 (1st Cir. 2003).

claim which Gambora seeks to assert is well beyond the AEDPA's one year statute of limitations and therefore, is time barred unless it relates back to the Petition.

Pursuant to Rule 15, "[a]n amendment to a pleading relates back to the date of the original pleading when: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out– in the original pleading.". Fed.R.Civ.P. 15(c)(1)(B).   For purposes of a federal habeas petition, the relation back requirement is strictly construed and "[a] new claim must be similar 'in both time and type' to a claim in the original petition for the new claim to relate back.  Therefore, 'relation back' will be appropriate when 'the original and amended petitions state claims that are tied to a common core of operative facts,' or when 'the prisoner's amendment seeks merely to elaborate upon his earlier claims.' The relationship between the original petition and the new claim must be stronger than the fact that they both arose out of the 'same trial, conviction or sentence' ". *Laurore*, 396 F.Supp.2d at 62-63 (quoting *Mayle*, 545 U.S. 644, 125 S.Ct 2562 and *United States v. Hicks,* 283 F.3d 380 (D.C.Cir. 2002)(internal citations to quoted cases omitted).

Applying the foregoing standards, Gambora's motion to amend his Petition to assert a new claim must be denied.  The only claim made in his Petition concerning jury selection concerns the removal of a Hispanic juror for cause, which Gambor asserts violated his due process rights under the Fourteenth Amendment.  The Petition does not include any facts relating to member(s) of the public being excluded from jury selection, nor any legal argument that Petitioner's Sixth Amendment right to a public trial had been violated.  Therefore, the new claim is clearly different from the existing jury selection claim asserted in Gambora's Petition.

Furthermore, given the legal basis for his existing jury selection claim and the detailed factual account provided in support thereof, there can be no argument that this new claim is simply an attempt to elaborate on that existing claim.  Under these circumstances, the Petition cannot be amended to include the new claim.

<u>*Whether Stay And Abeyance Would Be Appropriate*</u>

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application.  28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State."); *Rose v. Lundy*, 455 U.S.  509, 518, 102 S.Ct. 1198 (1982).  It is undisputed that Petitioner has exhausted his state-court remedies with respect to all grounds for relief asserted in the Petition.  Thus, this case does not present the kind of "mixed" petition, consisting of both exhausted and unexhausted claims, that is more typical of habeas proceedings under Section 2254.  Consideration of Petitioner's motion is nonetheless analogous to that of a mixed petition, because as noted above, its obvious purpose is to allow for the amendment of the Petition to include the currently unexhausted claim.

Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted

claims. *Rhines v. Weber*, 544 U.S. 269, 265-66, 125 S.Ct. 1528 (2005); *see also Lundy*, 455 U.S. at 515, 520, 102 S.Ct. 1198; *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004). However, a court may stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances," and application of this third option is appropriate only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278, 125 S.Ct. 1528.

In his motion to stay, Petitioner essentially argues that good cause is established because he is proceeding *pro se* and does not have the requisite legal knowledge to pursue his claims. The requirement to show good cause may be applied more loosely with *pro se* petitioners. *Josselyn v. Dennehy*, 475 F.3d 1, 5 n.3 (1st Cir. 2007)(noting that concerns about unwary *pro se* petitioners being trapped by the good cause requirement but finding that such concerns were not implicated where petitioner had been represented by counsel during the state-court proceedings) (*citing Rhines*, 544 U.S. at 279, 125 S.Ct. 1528 (Stevens, J. concurring)).   However, *pro se* status during federal habeas proceedings, without more, does not constitute good cause warranting a stay and abeyance.  That is particularly true where, as here, the Petitioner was represented by counsel throughout the state-court proceedings.  *See Sullivan v. Saba*, 840 F.Supp.2d 429 (D. Mass. 2012); *Josselyn*, 475 F.3d at 5 n.3.

Petitioner further notes that the United States Supreme Court only recently held in *Presley v. Georgia*, 558 U.S. 209, 130 S.Ct. 721, 723 (2010) that the right to a public trial extends to the voir dire of jury selection.  However, Gambora makes only a conclusory statement

that his Sixth Amendment right to a public trial was violated during jury selection – he does not assert any facts to support this claim.  Therefore, the Court cannot find that Gambora's claims are potentially meritorious.  Furthermore, the *Presley* decision upon which he relies was issued more than a year and a half prior to him filing his Petition.  Such undue delay weighs heavily against allowance of the requested stay.

In short, if Petitioner had submitted a mixed petition that included his unexhausted claim, or if the Court had found that he should be allowed to amend his Petition to include his unexhausted claim, he would not be entitled to a stay because he has not shown good cause for his failure to exhaust that claim.  Therefore, the motion is denied.

<u>Conclusion</u>

For the foregoing reasons, Petitioner's Motion For Stay And Abeyance So As To Permit Petitioner To Raise Sixth Amendment Public Trial Claim, Or In the Alternative, Motion For Court To Accept August 12, 2011 "Mem Of Law In Support Of Petitioner For Writ Of Habeas Corpus" As Responsive Pleading To "Respondent's Memorandum of Law In Opposition To Gambora's Petition For Writ Of Habeas Corpus (Docket No. 21), is ***denied***.[3]

**So Ordered.**

**/s/ *Timothy S. Hillman***
TIMOTHY HILLMAN

---

[3] In the event that his motion to stay was denied, Petitioner has requested that the Court treat the memorandum filed with his Petition as a submission in response to Respondent's opposition.  I interpret this request as meaning that Petitioner does not intend to file any further submissions concerning the merits of his Petition and therefore, the matter is ripe for ruling.

DISTRICT JUDGE